## C. S. BLACK V. LUCINDA BLACK.

IN SUPREME COURT, TYLER TERM, 1884.

*Husband and Wife.*—The wife can both institute and defend a suit when such action becomes necessary for the protection of herself or property, without the joinder of her husband.

Appeal from Titus County.

Under the special facts of this case, as disclosed by the record,

there can be no question but that the wife can both institute and defend a suit when such action becomes necessary for the protection of herself or property, without the joinder of her husband. Ryan v. Bates & Co., et al. (unreported.)

The appellee was not a party to the judgment and decree obtained by the appellant against Hargrove and his wife for the foreclosure of the vendor's lien on the land in controversy. Neither she nor her husband are named in or bound by the decree. Nor is the title or claim then admitted to be held by them, to the land in question, in the least degree affected by the proceedings had by the appellant against Hargrove and his wife, so far as is disclosed by the record now before us for consideration.

In cases of this character for the foreclosure of a deed of trust or a mortgage, or a vendor's lien, or like claim on real estate, it has been held repeatedly by this court that persons holding the relation to the subject matter in controversy sustained by the appellee and her husband in this suit, are in the very nature of things, necessary parties to the foreclosure suit and the decree there rendered. Beck v. Tarrant, 61 Texas 403; Slaughter v. Owens (unreported); Davis v. Rankin, 50 Texas 279; Schwarts v. Garey, 49 Texas 49; Lockhart v. Ward, 45 Texas 227. There are many more authorities of this court to the same effect.

Without their presence in this suit, the decree of foreclosure would be of no avail against them as they would still hold the legal title until divested of it in some mode known to the law.

The judgment and decree offered in evidence was not binding on appellee. She was a stranger to it. Neither she nor her husband were parties to it and as an inevitable consequence are not bound by it.

The judgment of the district court is affirmed.

West, J.